IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AUBREY MELTON                                                                     PLAINTIFF

v.                              CIVIL NO. 22-5017

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                     DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Aubrey Melton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on January 21, 2020, and February 10, 2020, respectively, alleging an inability to work since January 1, 2017, due to knee problems, Type I diabetes and cirrhosis. (Tr. 64, 172, 176). For DIB purposes, Plaintiff

1

maintained insured status through June 30, 2018.[1] (Tr. 17, 183) An administrative telephonic hearing was held on March 18, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 33-62).

By written decision dated April 13, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: diabetes mellitus, other arthropathies (knees) and cirrhosis. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant cannot work in close proximity to hazards including moving machinery and/or unprotected heights; the claimant cannot climb ladders or scaffolds; the claimant cannot kneel; the claimant can only occasionally climb stairs and/or ramps; and the claimant can only occasionally balance, crawl, stop, and/or crouch.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a tube operator, a cutter/paster and a stem mounter. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on December 8, 2021. (Tr. 6-10).  Subsequently, Plaintiff filed this action.

---

[1] With respect to Plaintiff's DIB application, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of January 1, 2017, his alleged onset date of disability, through June 30, 2018, the last date he was in insured status under Title II of the Act. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984) (explaining claimant has the burden of establishing the existence of a disability on or before the expiration of her insured status). With respect to Plaintiff's SSI application, benefits are not payable prior to the date of application, regardless of how far back disability may, in fact, be alleged or found to extend. *See* C.F.R. § 416.335. Therefore, the relevant period is from February 10, 2020, the date Plaintiff protectively applied for SSI benefits, through April 13, 2021, the date of the ALJ's decision.

(ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 17-19).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the

workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

After reviewing the record as a whole, the Court is troubled by the ALJ's failure to address Plaintiff's use of hand-held assistive devices. "To find a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7; *see Patricia M. v. Saul*, No. 18-cv-3462, 2020 WL 3633218, at *7 (D.Minn. Feb. 5, 2020) ("Plaintiff must show the cane is medically required by offering medical documentation that (1) demonstrates the cane is necessary to help her walk or stand and (2) describes the circumstances in which the device is needed."). Whether a hand-held assistive device is medically required is based on "the particular facts of a case." SSR 96-9p, 1996 WL 374185, at *7.

At the telephonic administrative hearing held on March 18, 2021, Plaintiff testified that he had used crutches as an aide for stability for about one year. (Tr. 44). A review of the medical evidence revealed Plaintiff was using crutches to ambulate when he was seen for his initial physical therapy session for osteoarthritis of both knees in June of 2020. (Tr. 1230). At that time, Plaintiff reported he had been using crutches for about one month due to knee pain and instability. While not every medical notation indicates Plaintiff used crutches, Plaintiff's medical providers noted Plaintiff was using crutches on September 29, 2020, November 2, 2020, and December 7, 2020. (Tr. 1293, 1297, 1330). Upon referral from Dr. Robert Wells, one of Plaintiff's medical providers, Plaintiff underwent a Functional Capacity Examination (FCE) on March 16, 2021, performed by Joel Sebag, DPT. (Tr. 1364-1393). Following the FCE, Dr. Sebag opined Plaintiff needed to use

an assistive device (bilateral crutches). (Tr. 1362). Despite the evidence noting Plaintiff's use of crutches, the ALJ made no specific finding as to whether the crutches used by Plaintiff were medically required and whether the use was supported by the medical record. In fact, the ALJ's hearing decision does not mention Plaintiff's use of a hand-held assistive device. The ALJ's failure to address Plaintiff's use of crutches impedes the Court's ability to review the decision. Thus, remand is appropriate so Plaintiff's use of crutches may be considered in the first instance. *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency has no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.") (quotation and citation omitted).

On remand, the ALJ is also directed to address interrogatories to a physician requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time periods in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.     Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of April 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE